IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK THORNTON, #02463655, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:24-CV-902-S-BK |
| DIRECTOR TDCJ-CID, RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, Petitioner Shedrick Thornton's *Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241* was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Because Thornton challenges his state custody and sentence computation, his petition is re-characterized as seeking relief under 28 U.S.C. § 2254. Doc. 3 at 1, 5. As detailed here, his construed petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.[1]

**I. BACKGROUND**

On August 8, 2023, Thornton pled guilty to violating a protective order and was sentenced to five years' imprisonment. Doc. 3 at 1; *see State v. Thornton*, No. F1970256-H

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS (Habeas Rule 4) ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

(Crim. Court No. 1, Dallas Cnty, Tex., Aug. 8, 2023).  The judgment credited Thornton with 559 days of jail time.

On April 9, 2024, Thornton filed this federal habeas petition challenging the "erroneous calculation of [his] pre-sentence jail time credit . . . that ha[s] resulted in [him] becoming over detained after [his] maximum sentence discharge date." Doc. 3 at 5.  Thornton raises four grounds:  (1) breach of the plea bargain agreement, (2) violation of the Due Process Clause, (3) abuse of discretion by the trial court, and (4) illegal confinement.  Doc. 3 at 7-9; *see also* Doc. 4 (brief in support).

Thornton's pleadings detail his efforts to challenge the jail-time-credit calculation, including filing a motion for judgment *nunc pro tunc*, an appeal and petitions for writ of mandamus, and time dispute resolution (TDR) forms with the Texas Department of Criminal Justice Classification and Records Office.  Doc. 3 at 2-3, 6.  Thornton also states that he mailed two state habeas applications to the convicting court on December 25, 2023, and again on March 29, 2024, but that "no action [was] taken by the District Clerk's office" on the first application and the second one is likely "pending."  Doc. 3 at 6-7.

Upon review, the Court concludes that Thornton's federal petition is unexhausted and thus should be dismissed without prejudice.

## II. ANALYSIS

Courts may raise the exhaustion requirement *sua sponte*.  *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (discussing the court's duty under Habeas Rule 4 "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state" and highlighting the "long line of precedent establishing the authority of courts to raise non-jurisdictional defenses *sua sponte* in habeas cases" (citations omitted)); *see also Magouirk v.*

2

*Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)).

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "'is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.'" *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Under certain circumstances, a petitioner must also exhaust state administrative remedies before seeking state habeas corpus relief based on a time-credit dispute. *See* Tex. Gov't Code Ann. § 501.0081(b)-(c) (providing that prisoners cannot file for state habeas relief *until* they receive a written decision *or* until 180 days elapsed, whichever comes first, except as provided in subsection (c)) (emphasis added). *See also Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010) (explaining exhaustion of state court remedies for time-credit disputes).

Thornton has not satisfied the state exhaustion requirement. Although Thornton avers he mailed two article 11.07 applications raising his time-credit claim and the other grounds

presented in his federal petition, online government records, of which the Court takes judicial notice, reveal that neither purported application was docketed or assigned a writ number.[2] Doc. 3 at 6-7. Thus, the Texas Court of Criminal Appeals has not had an opportunity to consider Thornton' claims and so they remain unexhausted.

### III. CONCLUSION

For all these reasons, Thornton's petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.[3]

**SO RECOMMENDED** on April 23, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Online dockets for the Texas Court of Criminal Appeals and the Dallas County district court are available at these links: https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c and https://www.dallascounty.org/services/record-search/ (last accessed on Apr. 17, 2024).

[3] The one-year statute of limitations for filing habeas corpus petitions in federal court applies to this petition as well as to any other petition that the petitioner may file in this court. *See* 28 U.S.C. § 2244(d).

4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).